The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on October 26, 1995 as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Kountry Nissan, Inc. was a self-insured employer.
4. Plaintiff's average weekly wage was $223.74.
5. Plaintiff's disability began October 15, 1993.
In addition, the parties stipulated into evidence the following:
1. Seventy-six pages of medical records and reports.
2. Six pages of medical records and reports from Dr. Faulkenberry.
3. Plaintiff's answers to defendant's interrogatories, marked as defendant's Exhibit 1.
4. Form 18 dated December 21, 1994.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of October 1993, plaintiff was fifty-four years old and had been employed by the defendant for one and one-half years. The plaintiff's job was to detail cars which involved washing, waxing, vacuuming and cleaning cars. He worked on two to three cars per day, depending upon how dirty the cars were. His job required use of both hands. Prior to his employment with defendant, he had performed similar work for about thirty years.
2. On October 16, 1993 plaintiff went to the hospital's urgent care center with complaints of right shoulder and left wrist pain. He indicated that he had been having pain and numbness in the left hand for a week and right shoulder and neck pain off and on for several months. He was given a splint and medication. Two days later he went to Dr. Faulkenberry, his family doctor, who treated him primarily for his hypertension. However, on October 22, 1993 plaintiff complained of increased pain in his left hand, shoulders, upper back and neck, so Dr. Faulkenberry prescribed medication and took him out of work. Physical therapy was ordered on October 25 but, since it did not seem to help, Dr. Faulkenberry referred him to Dr. Rush for evaluation.
3. Dr. Rush examined plaintiff on November 17, 1993. Though x-rays revealed degenerative disk disease at C5-6 and C6-7, the doctor was unsure of the appropriate diagnosis because of the general nature of plaintiff's symptoms. Plaintiff was then referred to Dr. Young, a neurologist, who had various diagnostic tests performed to attempt to determine the cause of his diffuse aches and pains. Dr. Young also referred plaintiff to a rheumatologist for evaluation. However, he was ultimately unable to identify a specific etiology of plaintiff's problems. He treated plaintiff with medication until March 21, 1994. After that time plaintiff returned to Dr. Faulkenberry and the urgent care center at the hospital for follow-up care. Dr. Faulkenberry suspected that he had myofascial pain syndrome in addition to the arthritis in his neck. He also had symptoms consistent with carpal tunnel syndrome in his left wrist but that potential diagnosis was questionable because it would not explain all of his symptoms.
4. In August 1994 plaintiff developed low back pain and by September 1994 he was also complaining of right leg pain. The urgent care center treated him conservatively for these complaints. Plaintiff returned to Dr. Faulkenberry in October 1994 and asked about obtaining workers' compensation for his disability. However, Dr. Faulkenberry indicated that it was not likely that plaintiff's physical problems were caused by his employment.
5. Plaintiff has alleged that his neck, shoulder and hand problems were due to his work activities with defendant. However, he did not sustain an injury or a specific incident which precipitated his problems. No medical evidence indicated that he was placed at an increased risk of developing his neck, shoulder and hand conditions as a result of his employment as compared to the general public not so employed. The medical evidence also did not establish that his work activities were a significant contributing factor in the development of his problems. In fact, the evidence established that his conditions were not work related.
6. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment in October, 1993, nor did he sustain a specific traumatic incident of the work assigned which resulted in a back injury. He also did not prove that he developed an occupational disease which was due to causes and conditions characteristic of and peculiar to his employment with defendant and which excluded all ordinary diseases of life to which the general public was equally exposed.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant in October, 1993, nor did he sustain a specific traumatic incident of the work assigned which resulted in a back injury. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has not proven that he developed an occupational disease which was due to causes and conditions characteristic of and peculiar to his employment and which was not an ordinary disease of life to which the general public was equally exposed. N.C. Gen. Stat. § 97-53(13); Booker v. DukeMedical Center, 297 N.C. 458 (1979).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This is the 6th of February 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER